The opinion of the Court was delivered by
Bermudez, C. J.
The question presented in this controversy involves the validity, to a certain extent, of a judgment for a Drainage Tax, obtained under the provisions of Acts No. 165 of 1858, and No. 30 of 1871.
The appellant, Alfred Delavigne, in the rights of the Beaujeu Brick Manufacturing Company, claims that he is aggrieved by a certain judgment, rendered on March 15th, 1873, homologating certain assessment rolls, embracing property then owned by said Company, and now belonging to him; that such judgment is erroneous and should be reversed and annulled, for the reason that it was procured, without due process, under a statute which is violative of the organic law.
The only objection really urged by the appellees to this prayer is, that the defense of unconstitutionality, not having been raised in the pleadings in this suit, appellant is precluded from urging it now, with a view to obtain a reversal of the judgment appealed from.
It is conceded that such questions as the Company might have presented upon appeal, may be raised by the appellant, Delavigne, but not a stop further can he be permitted to go.
We do not understand that the appellant claims any greater right. The case, then, must be determined as though brought up for review by the Company itself.
The judgment assailed was rendered against the property described and the owners named in the assessment roll, exceptas to the proqierty owned by certain parties who had opposed the tableau, among whom the Beaujeu Brick Manufacturing Company is not to be found.
*98 Tlie judgment was, therefore, one rendered by default against the property of that Company itself. It does not appear that the judgment was over notified to the Company.
In the matter of the Succession of Patrick Irwin, 33 A. 63, it was decided by this Court, that the Section of Act 30 of 1871, relied upon in justification of the i>roceedings herein, under the provisions of Act L65 of 1858, was unconstitutional and void, and consequently, that the judgment therein sought to be enforced against the estate of Irwin was a nullity and of no effect.
We find no occasion to question the correctness of that judgment, and consider, for the reasons given in the .opinion in that case, that the judgment rendered against the Beaujeu Brick Manufacturing Company is likewise a nullity.
It therefore follows, that the Beaujeu Brick Manufacturing Company never was legally cited to answer the demand formed against it. The record does not show that it appeared in the lower court and presented any issue.
How then can it be claimed that the question of unconstitutionality, raised on appeal, not having been presented in the pleadings, cannot be set up and urged before this Court.'
We view the Company in the light of a defendant appealing from a judgment rendered without any previous legal citation, actual or constructive, without issue joined or appearance, and asking its reversal.
The answer of the judgment representative is, that the judgment is valid, because rendered under the provisions of valid laws. The reply of the Company is, that the law relied on is unconstitutional.
Conceding, for argument’s sake, the proposition of law advanced by the appellees to be well founded, it surely cannot be invoked to apply to cases in which parties defendant have not been legally cited and have not joined issue.

Lex nenvinem cogit ad impossibilia.

The appellant complains of the judgment in so far as it affects the property assessed in the name of the Beaujeu Brick Manufacturing Company, now his property. He has no interest to attack the judgment in any other respect.
The appellees ask that “ all their legal rights, if any they have, under the judgment of January 29th, 1873, and the personal judgment of March 15th, 1873,” be expressly reserved to them.
Our decree is not intended to affect such rights.
It is therefore ordered, adjudged and decreed, that the judgment of March 15th, 1873, and signed on March 20th, following, in so far as it *99 affects tlie property assessed in the name of the Beaujen Brick Company and appealed from, be annulled, avoided and reversed; and proceeding to render such judgment as should have been rendered by the lower court.
It is ordered, adjudged and decreed, that the application herein made on the 7th of February, 1873, for the homologation of the assessment roll of the fourth drainage district be, and the same is hereby dismissed, as far as concerns the property therein assessed in the name of the Beaujen Brick Company, without prejudice to the rights which the appellees may have, if any, under the judgment of January 29th, 1873, and the so termed personal judgment of March 15th, of the same year, against said Company.
It is further ordered that the appellees pay costs of this appeal.